NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUT

_____

No. 18-1088

_____

HARRY STOUFFER,
Appellant

v.

CITY OF READING, A City of the Third Class, and a Municipality of the
Commonwealth of Pennsylvania; VAUGHN SPENCER, in his Official Capacity
as Mayor of the City of Reading and Individually;  BRIAN NICARRY, in
his Official Capacity as Director of Bureau of the Building/Trade/Fire of the City
of Reading and Individually; WILLIAM HEIM, in his Official Capacity as Chief
of Police of the City of Reading; O'BRIEN WRECKING CO., INC,;
JOHN DOES, in their official capacity as employees and agents of the City of
Reading and O'Brien Wrecking Co., Inc.

WILLIAM HEIM in his Official Capacity as Chief of Police
of the City of Reading; THE CITY OF READING, a City of the
Third Class, and a Municipality of the Commonwealth of Pennsylvania;
VAUGHN SPENCER, in his Official Capacity as Mayor of
the City of Reading and Individually; BRIAN NICARRY, in his Official
Capacity of Mayor of the City of Reading and Individually,
Third Party Plaintiffs

v.

DINOSAUR DEMOLITION, LLC;
O'BRIEN WRECKING CO., INC.,
Third Party Defendants

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 5-15-cv-3523)
District Judge:  Hon. Jeffrey L. Schmehl

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
April 15, 2020

Before: AMBRO, JORDAN, and SHWARTZ, *Circuit Judges.*

(Filed April 16, 2020)
_____

OPINION*
_____

JORDAN, *Circuit Judge*.

Harry Stouffer is the owner of a property in Reading, Pennsylvania. Over a number of years, he allowed the condition of a building on that property to deteriorate to such an extent that it partially collapsed. While no one was injured in that incident, the City of Reading ("the City") determined that the building was a public safety hazard and required demolition. The City eventually completed the demolition, over Stouffer's repeated and vociferous objections. Stouffer then filed suit against the City and various officials. The District Court wisely granted summary judgment against Stouffer. For the following reasons, we will affirm.

## I. BACKGROUND

There is little to add to the District Court's thorough opinion, so we recount the facts only briefly here. Harry Stouffer owned a property at 1237 Buttonwood Street in Reading. The property had long been in a state of disrepair, including from fire damage,

_____

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

2

and access to water, gas, and electricity had all been cut off. The City accordingly designated the building as blighted. In June of 2013, the building's façade partially collapsed, resulting in a large number of bricks falling on to the sidewalk. Police, who had arrived at the scene, allowed Stouffer to briefly reenter the building to retrieve some personal possessions, but thereafter refused to let him back in.

Eventually, officials from the City gave Stouffer a legal notice stating that "immediate emergency demolition" of the building was required. (App. at 288.) Contractors arrived shortly thereafter and commenced partial demolition. Stouffer grew incensed at this and started shouting profanities, whereupon he was arrested for disorderly conduct. He was released a couple of hours later.

The City subsequently determined that the partial demolition had not alleviated the safety risk, and that a full demolition was likely necessary. It commissioned a report from a structural engineer, who confirmed that the building was unsafe. After a lengthy procedural history, including an abandoned appeal by Stouffer in one Pennsylvania state court and a short-lived preliminary injunction issued by another, the building was finally demolished.

Stouffer then filed suit in the United States District Court for the Eastern District of Pennsylvania. He alleged violations of 42 U.S.C. § 1983, including unreasonable search and seizure and deprivation of due process (both substantive and procedural). The City filed a motion for summary judgment on all of Stouffer's claims on May 26, 2017. Stouffer never responded. He appeared to ignore the deadline for filing a response, and then filed an untimely motion to extend the deadline. The Court granted the motion and

3

extended the deadline to June 30, 2017. Stouffer again failed to respond, and again filed an untimely motion for extension after his time had already run out. The Court granted that motion as well, extending the deadline to July 14, 2017. On July 14, Stouffer filed an opposition to the motion arguing that it should be denied "for the reasons set forth in [the] accompanying Memorandum of Law Contra Motion for Summary Judgment." (App. 465-466). There was, however, one small wrinkle – there was no accompanying memorandum.

The District Court accordingly granted the City's motion for summary judgment[1] in a well-reasoned opinion that addressed the merits of Stouffer's arguments, despite his complete failure to respond to the City's motion. Despite these failures, Stouffer now appeals.

## II.    DISCUSSION[2]

Stouffer has forfeited the arguments he seeks to make on appeal.[3] We will accordingly affirm.

---

[1] The City asserted claims for third-party contribution and indemnity against Dinosaur Demolition, the contractor it hired to demolish Stouffer's building. Dinosaur Demolition also filed a motion for summary judgment. The District Court denied that motion, concluding that it had become moot once the City's motion had been granted. Because we affirm the District Court's grant of summary judgment, we likewise see no need to address that portion of the case.

[2] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291.

[3] Stouffer's opening brief raises only two issues on appeal: 1) whether the City had an unconstitutional policy or custom favoring "summary administrative action" to demolish buildings; and 2) whether Stouffer's arrest for disorderly conduct violated the Fourth Amendment. (Stouffer Br. at 2).

We have "consistently held that [we] will not consider issues that are raised for the first time on appeal." *Harris v. City of Philadelphia*, 35 F.3d 840, 845 (3d Cir. 1994). Indeed, we have stated that a party's failure to raise an argument in the District Court constitutes a forfeiture of the argument. *Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*, 877 F.3d 136, 146-47 (3d Cir. 2017). And failure to respond to a motion is the same as not raising an argument, in like manner leaving the unspoken argument unavailable on appeal.

Stouffer failed to respond to any of the points raised by the City in the District Court, despite being granted two deadline extensions to do so. He has thus forfeited any right to object to them now.

III.     CONCLUSION

For the foregoing reasons, we will affirm the order of the District Court.